IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SMITH, | : CIVIL ACTION NO. 1:07-CV-0895 |
| : | |
| Petitioner | : (Judge Conner) |
| : | |
| v. | : |
| : | |
| : | |
| MARILYN BROOKS, et al., | : |
| : | |
| Respondents | : |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on May 17, 2007, by petitioner Steven Smith ("Smith"), an inmate currently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania. (Doc. 1.) Smith is challenging a 2002 Pennsylvania state court conviction. For the reasons that follow, the petition will be denied.

**I.     Background**

Smith was charged in the Court of Common Pleas of Lycoming County with terroristic threats, simple assault by physical menace, recklessly endangering another person, and harassment. (Doc. 11, at 1.) On October 11, 2002, a jury found Smith guilty of endangering another person. (Id.) The following month, he was sentenced to a term of imprisonment of eleven months to two years. (Id. at 2.)

He appealed his judgment of sentence to the Superior Court of Pennsylvania raising the following issues:

> 1. Whether the [trial] court erred in denying the Motion to Recuse or Disqualify the District Attorney's Office where the Appellant was initially represented by an Assistant Public Defender who then transferred to the District Attorney's Office?
>
> 2. Whether the [trial] court erred in denying the requested mistrial where members of the jury saw the Appellant outside the courtroom being escorted by Sheriff's deputies?

(Doc. 11, at 5.) The superior court affirmed the judgment of sentence on October 23, 2003. (Id. at 6.)

On July 1, 2004, he filed a petition pursuant to the Post Conviction Collateral Relief Act ("PCRA"), 42 PA.CONS. STAT. §§ 9541-9545 (1982). (Doc. 11, at 26.) He amended his PCRA petition on October 18, 2004. Smith contended that his counsel was ineffective because he failed to introduce police reports at trial that would demonstrate that the victim had assaulted and harassed him in the past. (Id. at 49.) In October 2005, the PCRA court issued an order notifying Smith of its intent to dismiss the petition. The PCRA petition was dismissed on November 1, 2005. (Doc. 11, at 59.)

Smith filed a timely appeal with the superior court raising the sole issue that trial counsel rendered ineffective assistance by not presenting evidence of the victim's past violent behavior. (Id. at 68.) The superior court affirmed the denial of the PCRA petition on April 17, 2007. (Id. at 73.) Smith did not pursue an appeal to the Pennsylvania Supreme Court.

The present petition, which was filed on May 17, 2007, seeks relief based on the following grounds:

2

1. Illegal sentence.

2. Ineffective assistance of counsel in failing to obtain police reports demonstrating victim had a criminal past.

3. Ineffective assistance of counsel in failing to establish that victim and Smith had a violent past.

4. Erroneous finding that he had a duty to retreat.

(Doc. 1, at pp. 5-10.)

## II.   Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a

3

state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)); see also, O'Sullivan, 526 U.S. at 845.

In the matter *sub judice*, Smith failed to present to the state courts claims one and four, to wit: that his sentence is illegal and also that there was an erroneous finding that he had a duty to retreat. Thus, these claims are unexhausted. Claims two and three were presented in the PCRA proceedings, but Smith failed to appeal the denial of PCRA relief to the Pennsylvania Supreme Court. Therefore, claims two and three are also unexhausted.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir.

1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

Smith has procedurally defaulted all of his claims. Issues one and four have not been presented to the state courts and Smith has presented no explanation for his failure to include them in either his direct appeal or PCRA petition. The record is devoid of any suggestion that Smith was actually prevented from presenting these claims to the state courts, and, further, there is no indication of adverse circumstances that worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions. Nor has he demonstrated his actual innocence such that a lack of review by the court would constitute a fundamental miscarriage of justice. See McCandless, 172 F.3d at 260.

He further fails to indicate why he did not attempt to include the claims in a second PCRA, an avenue of relief that is no longer available to him as the time period for filing a second PCRA has now expired.  See 42 PA. CONS. STAT. § 9545(b)(1) (setting for a one year limitations period).  Smith raises no argument, and the record suggests no possibility, that his claims fall within an exception to the limitations period for filing a petition under the PCRA.  See 42 PA. CONS. STAT. §9545(b)(1) (permitting petitions to be filed more than one year after judgment if the failure to raise the claim is attributable to government interference, the facts underlying the claim could not have been ascertained previously, or the claim involves rights newly recognized and retroactively applied by the Supreme Court).

With respect to issues two and three, both of which were included in the PCRA petition, Smith failed to appeal the Pennsylvania Superior Court's denial of PCRA relief to the Supreme Court of Pennsylvania.  "Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."  See PA. R. APP. P. 1113(a).  Although he states that he experienced difficulty with the Lycoming County Prothonotary's Office in pursuing a civil action, and that he is engaged in a "running feud" with that office, at no point does he allege that he was unable to file documents with the Prothonotary of either the superior court or supreme court. (Doc. 14, at 2-3.)  He has not averred cause for or prejudice by the default.  Nor has he demonstrated his actual innocence such that a lack of review

6

by the court would constitute a fundamental miscarriage of justice.  See

McCandless, 172 F.3d at 260.  Consequently, he has procedurally defaulted his

claims and is precluded from pursuing federal habeas corpus relief.

## III.    Conclusion

Based on the foregoing, the petition for writ of habeas corpus (Doc. 1) will be denied.  An appropriate order follows.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      August 4, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN SMITH**, | : | CIVIL ACTION NO. 1:07-CV-0895 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **MARILYN BROOKS**, et al., | : | |
| Respondents | : | |

## ORDER

AND NOW, this 4th day of August, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c).

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge